## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01751-RM-CBS

STEAK N SHAKE ENTERPRISES, INC.,
and STEAK N SHAKE, LLC,

    Plaintiffs and Counterclaim
    Defendants,

v.

GLOBEX COMPANY, LLC,
SPRINGFIELD DOWNS, LLC,
CHRISTOPHER BAERNS,
LARRY BAERNS,
KATHRYN BAERNS, and
CONTROL LLC,

    Defendants and Counterclaimants.

## STIPULATED CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER

    This Stipulated Confidentiality Agreement/Protective Order ("Agreement") is entered into as between Steak n Shake Enterprises, Inc. and Steak n Shake, LLC (collectively, "Plaintiffs") and Globex Company, LLC, Springfield Downs, LLC, Christopher Baerns, Larry Baerns, Kathryn Baerns and Control, LLC (collectively, "Defendants"), by and through their respective counsel.

    It is hereby stipulated and agreed, by and among the parties hereto, through their respective counsel, that the following conditions shall govern the production or disclosure of all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits,

documents produced, and information derived directly therefrom claimed to be Confidential Information as defined below.

1. "Confidential Information" means any proprietary or confidential documentation and information containing personal or sensitive information of the supplying party that the party providing the documentation and information designates as "Confidential" or "Attorneys' Eyes Only" in connection with this action that falls within one or more of the following categories: (a) information that reveals trade secrets; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) personal identity information; (d) income tax returns (including attached schedules and forms such as W-2 forms); (e) personnel or employment records of non-parties; (f) documents that reveal commercial, financial, or personal identity information about the parties' customers, franchisees, or persons who are not parties to the case; or (g) other proprietary, confidential or sensitive information. Information or documents that are available to the public may not be designated as Confidential Information.

2. In designating information or items as Confidential Information, the producing party shall make such designation only as to that information that it in good faith believes to be Confidential Information.

3. Further certain Confidential Information produced or disclosed may be deemed so highly confidential, sensitive or proprietary to the business practices of a party or third party that even otherwise restricted disclosure of such information or documents could cause significant business harm or hardship to the producing or revealing party or third party. Those general categories include: (a) proprietary data, or

business, financial or commercial information, the disclosure of which to business personnel is likely to cause harm to the competitive or financial position of the producing or revealing party or third party; (b) any information, document, or thing that qualifies as a trade secret under applicable state or federal law; and (c) nonpublic information relating to products, businesses or services in development, business and marketing plans, or business and marketing plans in development.  Specific examples of this information include, but are not limited to, confidential information regarding Plaintiffs' trade secrets related to pricing and promotions, including pricing and promotional schedules, plans, or strategies.  Such highly confidential, sensitive information or documents may be marked as "Attorneys' Eyes Only" prior to production or disclosure, and shall be protected from any disclosure except as permitted by this Agreement.

      4.    The parties shall designate Confidential Information by marking any documents containing such information with the words "Confidential" or "Attorneys' Eyes Only" at the time the document is produced or disclosed, or by notifying the other party in writing that such classification pertains to specific documents.  An inadvertent failure to designate a document as Confidential Information at the time of production or disclosure does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by paragraph 6(a) of this Agreement, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is

treated in accordance with the provisions of this Agreement. No party shall be found to have violated this Agreement for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

     5.    Confidential Information may be disclosed as follows:

        (a)    Any information designated as "Confidential" may be disclosed solely to the following persons:

          (i)    The parties to this lawsuit and/or their employees but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

          (ii)    Counsel of record in this action, and the attorneys and employees in the respective law firms of such counsel who have responsibility for the action;

          (iii)    Consultants and experts, including outside technical consultants, investigators, or experts and their support staff, who are assisting counsel and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the matters at issue in this action, provided, however, that (1) such person is not regularly engaged in any activity that places him or her in competition with the products or services provided by the producing party; and (2) such person has signed a Consent to be Bound, attached hereto as Exhibit 1, prior to viewing or hearing any such Confidential Information. Counsel shall retain all original executed Consent to be Bound forms for their respective party. Consultants and experts do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

          (iv)    The Court and its personnel and court reporters, as to whom it is necessary to disclose the Confidential Information for the purpose of adducing testimony in this action;

          (v)      The author or recipient of the document; and

          (vi)     Any other person as to whom the producing party agrees to in writing.

(b)    Any information designated as "Attorneys' Eyes Only" shall be restricted to the persons and entities identified in paragraph 5(a)(ii), (iii), (iv), (v), and (vi), as set forth therein.

6.    In the case of depositions:

(a)    Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following:  No later than fourteen (14) days after the transcript is delivered to any party or the witness, and in no event later than thirty (30) days after the testimony was given.  Within this time period, a party may serve a Notice of Designation to the court reporter and all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Agreement.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.  If during a deposition counsel for any party believes that a question or answer constitutes "Attorneys' Eyes Only" information, counsel may designate such portions of the transcript as "Attorneys' Eyes Only" on the record at the deposition and may request that the specific pages which include such "Attorneys' Eyes Only" information be included in a separate sealed portion of the transcript.  When

"Attorneys' Eyes Only" testimony is elicited during a deposition, persons not entitled to receive such information under the terms of this Agreement shall be excluded from the deposition.

   (b) A party may, in a deposition in this action, show a witness any "Confidential" or "Attorneys' Eyes Only" information that the witness is reasonably believed to have previously authored, received or seen.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Agreement must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreement.

  7. Persons having knowledge of Confidential Information by virtue of their participation in this action shall use that Confidential Information for purposes of this action only and not for any other purpose, and shall not disclose such Confidential Information to any person or entity.  However, nothing shall prevent disclosure beyond the terms of this Agreement if a party is legally obligated to disclose such information by court order.  Nothing in this Agreement shall prevent any producing party from itself voluntarily disclosing its own Confidential Information to any person, except as otherwise required by law, by court order, or otherwise as required by law or lawful regulations.

8. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information is obligated within twenty-four (24) hours to advise, in writing, all other parties to this Agreement of such subpoena or other notice. Except as otherwise required by law, the party served with the subpoena or other notice shall not produce the Confidential Information until the later of ten (10) business days after advising the other parties to this Agreement, in writing, of the subpoena or other notice, or (b) resolution of any application for court relief made with respect to that subpoena or notice. Such writing must be sent by facsimile and overnight mail to the following:

If to Plaintiffs:     Fredric A. Cohen, Esq.
Cheng Cohen, LLC
311 N. Aberdeen Street, Ste. 400
Chicago, IL 60607
Telephone:  (312) 243-1717;  Fax: (312) 277-3961
fredric.cohen@chengcohen.com

If to Defendants:     Robert Salkowski, Esq.
Zarco Einhorn Salkowski & Brito, P.A.
100 Southeast 2nd Street
Suite 2700
Miami, Florida 33131
Telephone: (305) 374-5418;  Fax: (305) 374-5428
rsalkowski@zarcolaw.com

The party or parties to this Agreement that produced the Confidential Information may object to the production of the Confidential Information in response to the subpoena or other notice.

9. The parties shall take reasonable and necessary steps to maintain the security of any Confidential Information designated as "Confidential" or "Attorneys' Eyes

Only" and will limit access to the Confidential Information only to those persons listed in paragraph 5 of this Agreement, provided, however, that nothing in this Agreement shall restrict the ability of any producing party, including his/her employees, partners, agents, attorneys, or any third party not subject to this Agreement to whom the producing party may disclose Confidential Information, to use Confidential Information which the producing party has supplied in this action, except as otherwise required by law.

10. The inadvertent or unintentional disclosure of privileged or Confidential Information by the producing party shall not be deemed as a waiver, in whole or in part, of the producing party's claim of privilege or confidentiality, either as to the specified information disclosed or as to any other information relating thereto. Upon receiving notice from the producing party that materials have been inadvertently produced, they shall be promptly returned to the producing party.

11. Except as agreed in writing by counsel of record for the parties, to the extent that any Confidential Information is quoted, attached to any pleading, motion, memoranda, appendix or other filing in connection with this action, admitted into evidence or referenced in sufficient detail to disclose Confidential Information, the same shall be maintained and shall be designated and treated as Confidential Information subject to this Agreement and such Confidential Information must be filed under seal in compliance with D.C.COLO.LCivR 7.2.

12. If Confidential Information is used during the trial of this action or during depositions, such Confidential Information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably

required to protect the confidentiality of the Confidential Information, except as provided in paragraph 14 herein.

13. Nothing herein shall prevent any of the parties from objecting to discovery that they believe to be otherwise improper or shall be construed to affect in any manner the admissibility at the hearing of any document, testimony or other evidence. Nothing herein shall restrict the use of any evidence at the trial of this action, whether or not it contains information designated as Confidential.

14. Upon the conclusion of this action, at the written request of the producing party, all Confidential Information and any and all copies thereof, shall be destroyed, deleted from all electronic and digital storage media and servers, or returned within sixty (60) days to such producing party, in accordance with the producing party's request. At the written request of the producing party, any person or entity having custody or control of recordings, notes, photographs, memoranda, summaries or other writings, and all copies thereof, relating to or containing Confidential Information shall deliver to the producing party a certification that reasonable efforts have been made to assure that all such Confidential Information, any copies thereof, any and all records, notes, memoranda, photographs, summaries, or other writings regarding the Confidential Information (except for attorney work-product) have been destroyed, deleted in the case of digital and electronic information, or delivered in accordance with the terms of this Agreement. Notwithstanding the above requirements to return or destroy documents, counsel may retain for its files one full set of copies of pleadings, affidavits, briefs and memoranda filed in this action, including those filed under seal; one set of transcripts of

all depositions (with exhibits) taken, and all of its own work product generated in connection with this action. Insofar as this Agreement restricts the use of Confidential Information, this Agreement shall continue to be binding after the conclusion of this action.

15. In the event that any party to this action disagrees with the designation by the producing party of any information as Confidential Information, a party shall not be obligated to challenge the propriety of the confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge thereof. The objecting party shall attempt first to resolve such dispute in good faith with the producing party. If the dispute cannot be resolved amongst the parties, the party objecting to the confidentiality designation may seek appropriate relief from the Court. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Agreement.

16. The parties acknowledge and agree that an intentional violation of this Agreement by any party hereto may not be fully compensable by money damages, and therefore, violations of this Agreement shall be enforceable by specific performance and/or injunctive relief.

17. Nothing in this Agreement shall foreclose or limit any of the parties from opposing the production of any documents, the taking of any testimony, or the discovery of any information.

18. The terms of this Agreement may be amended or modified by written agreement of the parties and order of the Court.

19. This Agreement shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Agreement by its terms.

DATED at Denver, Colorado, on February 24, 2014.

                                          BY THE COURT:

                                          *s/Craig B. Shaffer*
                                          Craig B. Shaffer
                                          United States Magistrate Judge

APPROVED:

*/s/ Marlén Cortez Morris*
Fredric A. Cohen (IL #6198606)
Scott C. Walton (IL #6281534)
Marlén Cortez Morris (IL #6291488)
CHENG COHEN LLC
311 N. Aberdeen Street, Ste. 400
Chicago, IL 60607
Telephone: (312) 243-1717
Facsimile: (312) 277-3961
E-mail: fredric.cohen@chengcohen.com
          scott.walton@chengcohen.com
          marlen.cortez@chengcohen.com

-and-

*/s/ Kimberly B. Still*
Kimberly B. Still (#42338)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
E-mail: still@wtotrial.com

*Attorneys for Plaintiffs*

*/s/ Robert Salkowski*
Robert Zarco (FL #502138)
Robert Salkowski (FL #903124)
Alaina Siminovsky (FL #70644)
ZARCO EINHORN SALKOWSKI & BRITO, P.A.
Miami Tower
100 Southeast 2nd Street, Suite 2700
Miami, FL 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428
Email: rzarco@zarcolaw.com
         rsalkowski@zarcolaw.com
         asiminovsky@zarcolaw.com

-and-

Scott Kannady (#29995)
David J. Meretta (#44409)
BROWN & KANNADY, LLC
2000 S. Colorado Blvd., Suite 2-610
Denver, CO 80222
Telephone: (303) 757-3800
Facsimile: (303) 757-3815
Email: scott@brownlegal.com
         david@brownlegal.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01751-RM-CBS

STEAK N SHAKE ENTERPRISES, INC.,
and STEAK N SHAKE, LLC,

    Plaintiffs and Counterclaim
    Defendants,

v.

GLOBEX COMPANY, LLC,
SPRINGFIELD DOWNS, LLC,
CHRISTOPHER BAERNS,
LARRY BAERNS,
KATHRYN BAERNS, and
CONTROL LLC,

    Defendants and Counterclaimants.

_____

## CONSENT TO BE BOUND BY
## CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER
_____

    The undersigned hereby certifies that she or he has read the Confidentiality Agreement/Protective Order in this action and agrees to be bound by it and that he or she voluntarily submits to the personal jurisdiction of the United States District Court for the District of Colorado for purposes of the enforcement of the above-specified Confidentiality Agreement/Protective Order and the imposition of any sanctions for contempt thereof by the undersigned.

Date: _____                       _____
                                                                   Signature

Name: _____

Company: _____

Address: _____